No. 8865.

## BELKNAP, ADM'R, *v.* CALDWELL ET AL.

FRAUD.—*Parties.*—*Complaint.*—In a suit for relief from fraud, against several defendants, where as to one of them the complaint fails to show any knowledge of or connection with it, he is not a proper party, and a demurrer by him should be sustained.

PLEADING.—*Money Had and Received.*—A complaint for money had and received by A., and to enjoin B. from asserting any claim thereto, which fails to show that B. claimed the money, is, as to him, bad on demurrer.

From the Clinton Circuit Court.

*J. N. Sims,* for appellant.

*J. U. Gorman, A. E. Paige* and *S. O. Bayless,* for appellees.

NIBLACK, J.—Suit by Myron H. Belknap, administrator of the estate of Hannah Wilson, against Franklin D. Caldwell, Abraham J. Miller and Sarah Miller, his wife, and the widow and heirs of Joseph Pitman, deceased, to reform a note and mortgage and for other relief.

The complaint was in three paragraphs.

The first paragraph charged that in 1843 the decedent, Hannah Wilson, by the death of, and devises from, one Calvin Pitman, her first husband, became the owner of an eighty-acre tract of land in Clinton county, during her natural life; that on the 27th day of June, 1856, her son Joseph Pitman, who was then in life and of full age, and with whom she then resided, and who claimed to be the owner of said tract of land subject to her life-estate, induced her to join with him in conveying said tract of land to one Jeremiah Davids and the defendant Abraham J. Miller, for the price of two thousand dollars; that the said Joseph Pitman received and appropriated twelve hundred dollars of the purchase-money to his own use, and for the remaining eight hundred dollars he caused the said Davids and Miller to execute to him a note for that sum payable at the time of the death of the said Hannah Wilson, reserving to her an annual interest of six per

cent., or the annual sum of $48, during her natural life, and a mortgage on the land to secure the payment of said note; that, as an inducement to her to join in the execution of said deed, the said Joseph Pitman fraudulently represented to the said decedent, Hannah Wilson, that said sum of eight hundred dollars, with the interest thereon, would be secured to her, and that the sum thus to be secured to her was the full value of her estate in said land; whereas in truth and in fact her said estate in said land was of the value of two thousand dollars, and the annual rental value thereof was two hundred dollars; that at the time of the execution of said deed she, the said Hannah Wilson, was an aged, feeble and infirm widow, without any business education or experience, was nearly blind and mentally incapable of transacting any ordinary business, and was wholly under the influence and control of the said Joseph Pitman; that on or about the 1st day of April, 1863, the said Joseph Pitman, fraudulently combining with the said Davids, Miller and Caldwell, and without the knowledge and consent of her, the said Hannah Wilson, entered into an arrangement with the said Davids, Miller and Caldwell, whereby the said Davids conveyed to the said Miller his interest in the tract of land in which she, the said Hannah, had so had a life-estate, and the said Miller and Davids thereupon united in a conveyance of the residue of said tract to the said Caldwell for which he, the said Caldwell, entered into an obligation of some kind, the precise nature of which was unknown to the plaintiff, by which he, the said Caldwell, agreed to pay to the said Hannah Wilson the sum of twenty-four dollars per annum during her life, and at her death to pay the said Joseph Pitman the sum of four hundred dollars; that thereupon the said Miller executed his promissory note to the said Joseph Pitman, by which he promised to pay the said Pitman the sum of four hundred dollars at the death of the said Hannah Wilson, and in the mean time to pay the said Hannah the sum of twenty-four dollars each year, and the said Miller, with his wife Sarah, also exe-

cuted a mortgage on the land purchased by him to secure the payment of said note, copies of which note and mortgage were filed with the complaint; that afterwards the said Joseph Pitman, without the knowledge or consent of the said Hannah Wilson, by an entry on the record of the same, released the mortgage executed to him as above stated by the said Davids and Miller and surrendered said mortgage for cancellation; that by reason of the premises the said Hannah Wilson became the owner of the note and mortgage executed by the said Davids and Miller and entitled to receive the said sum of eight hundred dollars which they were given to secure. Wherefore the plaintiff demanded judgment against Caldwell for the sum of five hundred dollars; also against Miller for a like sum on the note given by him as above, and the foreclosure of the mortgage executed by him and his wife, first reforming said note and mortgage so as to make them obligatory in favor of the said Hannah Wilson.

The second paragraph charged Caldwell with having received the sum of four hundred dollars for the use of the said Hannah Wilson and demanded that the remaining defendants should be enjoined and inhibited from asserting any claim to said sum of money.

The third paragraph charged that Miller was indebted to the plaintiff in the sum of four hundred dollars, with interest, for land sold to him, the said Miller, by the said Hannah Wilson, and demanded that the other defendants be also enjoined and inhibited from setting up any claim to the amount thus due from Miller.

The first and third paragraphs of the complaint were held to be bad upon demurrer as against Caldwell, and the second paragraph was in like manner held to be insufficient as against Miller. Issue; trial by the court; finding and judgment for the defendant.

The appellant complains that the court erred,

First. In sustaining the separate demurrer of Caldwell to both the first and third paragraphs of the complaint.

Second. In sustaining the separate demurrer of Miller to the second paragraph of the complaint.

Third. In overruling his motion for a new trial, because of the insufficiency of the evidence to sustain the finding.

The first paragraph of the complaint failed to show any connection of Caldwell with the transaction which resulted in Mrs. Wilson conveying her life-estate to Davids and Miller, or any notice to Caldwell of the alleged fraudulent conduct of Joseph Pitman in inducing her to make said conveyance.

As we construe the allegations of the first paragraph of the complaint, it contained no cause of action against Caldwell.

The second paragraph of the complaint did not charge that Miller was asserting any claim to the money demanded of Caldwell by the appellant, nor did it state any facts from which the assertion of such a claim could have been inferred.

That paragraph was consequently bad upon demurrer as against Miller.

For a similar reason the third paragraph of the complaint made no cause of action against Caldwell.

At the trial there was evidence tending strongly to show mental incapacity, as well as much physical debility, on the part of Mrs. Wilson during the last year of her life, but as to her condition in those respects there was some conflict in the evidence, and the evidence which was introduced on that subject had relation almost entirely to a period of time occurring several years after she had joined in the conveyance to Davids and Miller.

As to all the material matters in issue at the trial, there was evidence tending to sustain the finding of the court. No cause has, therefore, been shown for a reversal of the judgment upon the evidence.

The judgment is affirmed, at the costs of the appellant, to be paid out of the assets in his hands to be administered.